1 | Jeffrey I. Golden, State Bar No. 133040
  | jgolden@wgllp.com
2 | Beth E. Gaschen, State Bar No. 245894
  | bgaschen@wgllp.com
3 | Weiland Golden Goodrich LLP
  | 650 Town Center Drive, Suite 950
4 | Costa Mesa, California 92626
  | Telephone    714-966-1000
5 | Facsimile    714-966-1002

6 | Attorneys for Chapter 7 Trustee
  | Thomas H. Casey

**FILED & ENTERED**

**MAY 10 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:16-bk-14552-TA |
| GREAT AMERICAN MINT & REFINERY, INC., | Chapter 7 |
| Debtor. | **ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**<br><br>**(1) AUTHORIZING SALE OF PERSONAL PROPERTY SUBJECT TO LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b);**<br>**(2) APPROVING BUYER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND**<br>**(3) APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**<br><br>DATE:  May 8, 2018<br>TIME:  11:00 a.m.<br>CTRM:  5B<br>411 West Fourth Street<br>Santa Ana, California 92701 |

On May 8, 2018, at 11:00 a.m., in Courtroom 5B of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, California, the *Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Personal Property Subject to Liens, Claims and Interests Pursuant to 11 U.S.C. § 363(b); (2) Approving Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (3) Approving Compromise of Controversy Pursuant*

1166700.1                                    1                                    ORDER

*to Federal Rule of Bankruptcy Procedure 9019* (Docket 128, the "Motion")[1] filed by Thomas H. Casey, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Great American Mint & Refinery, Inc. (the "Debtor"), came on for hearing. Appearances were as noted on the record.

Having considered the Motion and all papers filed in support thereof, finding that the Sale and Settlement are reasonable, proposed in good faith, and in the best interest of the Estate, creditors, and other parties in interest, and are a reasonable exercise of the Trustee's business judgment in all respects, and based upon oral findings made by the Court on the record, and good cause appearing therefrom,

**IT IS ORDERED:**

1. This Court has jurisdiction, venue is proper, and this matter is a core matter with timely notice given;

2. The Motion is granted;

3. The Trustee is authorized to enter into the Agreement;

4. The Agreement which is attached to the Motion as Exhibit 1 is approved, pursuant to 11 U.S.C. § 363(b) the Trustee is authorized to sell to Brewart or his assignee, the Property, along with any and all related causes of action (the "Causes of Action") regarding any claims or defenses the Estate may have regarding any liens, claims or interests against the Property, "as is," "where is," without representation or warranty, subject to any and all liens, claims, and interests, in the same priority and to the same extent as the liens, claims and interest existed on the Property prior to the sale;

5. This Order shall act as an assignment of all of the Trustee's right, title and interest in the Causes of Action to Brewart or his assignee, and Brewart, or his assignee, shall have standing to bring such Causes of Action in his own name;

---

[1] Any and all capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

6. Based on the pleadings, Brewart is a "good-faith purchaser" pursuant to 11 U.S.C. § 363(m), and is entitled to all of the protections accruing therefrom;

7. The Trustee is authorized to execute any documents or take any actions reasonably necessary to effectuate the terms of the Sale and Settlement;

8. To the extent there is any tax liability to the Estate from the Sale, the Trustee is authorized to pay such taxes from the Deposit;

9. Any requirements for lodging periods imposed by Local Bankruptcy Rule 9021-1 and any other applicable bankruptcy rules are waived;

10. The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules is waived; and

11. The Court retains jurisdiction to enforce and implement the terms of this order even if the case is closed.

###

Date: May 10, 2018

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge

1166700.1                    3                    ORDER